UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PERCY JAMES TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-279-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| SHERRIE S. CAPOTOSTO, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Percy James Tucker is presently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Tucker filed a civil rights complaint with this Court pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1] The Court has conducted an initial review of Tucker's complaint as required by 28 U.S.C. § 1915A. While the Court will dismiss some of Tucker's claims, it will transfer his remaining claims to the United States District Court for the Eastern District of Virginia.

In August 2012, a jury in the Eastern District of Virginia – Norfolk Division found Tucker guilty of eleven charges related to a drug trafficking and money laundering conspiracy. *See United States v. Percy James Tucker,* No. 2: 09-cr-182-AWA-DEM-1, at Record No. 328 (E.D. Va. 2012). The trial court then sentenced Tucker to 30 years in prison. *See id.* at Record No. 368.

Tucker is now incarcerated in this district, and he recently filed the present *Bivens* action. [Record No. 1 at 2] While Tucker's allegations are difficult to follow, he appears to be alleging that the Assistant United States Attorney ("AUSA") who prosecuted his case in Norfolk, Virginia, as well as other Norfolk-based federal law enforcement officials, violated his constitutional and statutory rights during the course of his criminal case. [*See id.* at 3-6] Tucker alleges that the law enforcement agents "produced a false document stating [he] was crossing the Mexico border on May 17, 2007," and the AUSA "presented the fraudulent document to the grand jury along with other false statements and withheld *Brady* materials." [*Id.* at 5]

Tucker further alleges that, when he "produced bank records which clearly proved [he] was not in Mexico," the AUSA moved to dismiss two counts of his indictment. [*Id.*] Ultimately, Tucker lists the United States of America, the AUSA, and multiple unnamed law enforcement officials as defendants, and he says that he is seeking "$50 million in damages based on the clear and convincing evidence presented." [*Id.* at 1, 3-4, 8]

As an initial matter, the Court will dismiss Tucker's *Bivens* claims against the United States and the other defendants in their official capacities because such claims are clearly barred by the doctrine of sovereign immunity, *see Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013), and the Prisoner Litigation Reform Act requires *sua sponte* dismissal on screening where a prisoner seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(2). And these claims will be dismissed with prejudice.

This leaves Tucker's *Bivens* claims against the remaining defendants in their individual capacities. Since there is no special venue statute for actions asserting such claims, 28 U.S.C. § 1391(b) applies. This general venue provision states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action

The events set forth in Tucker's complaint allegedly occurred during his criminal proceedings in the Norfolk Division of the Eastern District of Virginia. [Record No. 1 at 5-6] Moreover, Tucker suggests that the remaining defendants—the AUSA and other federal law enforcement officials—reside and work in that district. [*Id.* at 3-4] Thus, the Eastern District of Virginia is the proper venue for Tucker's remaining claims, and, as a result, the Court will transfer this action.

Accordingly, it is hereby **ORDERED** as follows:

1. Tucker's *Bivens* claims against the United States and the defendants in their official capacities are **DISMISSED** with prejudice.

2. Tucker's *Bivens* claims against the remaining defendants in their individual capacities remain pending.

3. Pursuant to 28 U.S.C. § 1406(a), this action is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia, Norfolk Division, for further proceedings.

Dated: July 2, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky